IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH SMITH,

    Plaintiff,                    No. CIV S-11-3209 DAD P

    vs.

RIO COSUMNES CORRECTIONAL CENTER,

    Defendant.                ORDER
_____/

        Plaintiff is a former county jail inmate proceeding pro se.  Plaintiff has filed a document construed as a civil complaint and an application to proceed in forma pauperis under 28 U.S.C. § 1915.  This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes.  Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or

1

1  seeks monetary relief against an immune defendant.  To state a claim on which relief may be
2  granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its
3  face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is frivolous when it lacks
4  an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989);
5  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

6  In considering whether a complaint states a cognizable claim, the court accepts as
7  true the material allegations in the complaint and construes the allegations in the light most
8  favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co.
9  v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
10 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by
11 lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as
12 true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western
13 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

14 The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

18 Fed. R. Civ. P. 8(a).

19 The court find the allegations in plaintiff's complaint too vague and conclusory to
20 state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure
21 adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's
22 claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R.
23 Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A
24 pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of
25 action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of
26 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)

1  (quoting Twombly, 550 U.S. at 555, 557.)  A plaintiff must allege with at least some degree of
2  particularity overt acts which the defendants engaged in that support the plaintiff's claims.
3  Jones, 733 F.2d at 649.  A complaint must also contain "a short and plain statement of the
4  grounds for the court's jurisdiction" and "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(1)
5  & 8(a)(3).
6         Here, although not entirely clear, it appears that plaintiff is alleging that while he
7  was incarcerated at the Sacramento County Rio Cosumnes Correctional Center, he was subjected
8  to loud music at night that prevented him from sleeping.  (Doc. No. 1 at 1.)  Plaintiff alleges that
9  when he complained to the control booth officers, his complaints were ignored and he suffered
10  harassment.  (Id.)  It appears plaintiff is challenging the conditions of his confinement; however,
11  plaintiff must clarify his causes of action, identify the defendants in this action, provide
12  allegations showing the involvement of each defendant in the alleged violation of his
13  constitutional rights, and clarify his custody status (pretrial detainee, parolee, convicted inmate)
14  at the time of the alleged constitutional violation.  Therefore, the court will dismiss the complaint
15  with leave to file an amended complaint.
16         Plaintiff is advised that an action under the Civil Rights Act provides as follows:

> Every person who, under color of [state law]  . . . subjects, or
> causes to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

20  42 U.S.C. § 1983.  The Rio Cosumnes Correctional Center is not a "person" under the Civil
21  Rights Acts and is not a proper defendant.
22         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
23  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
24  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must name specific
25  defendants and must allege in specific terms how each named defendant is involved.  There can
26  be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

3

between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 5, 2011 application to proceed in forma apuperis (Doc. No. 2) is granted.

2. The complaint filed December 5, 2011 (Doc. No. 1) is dismissed with leave to amend.

3. Plaintiff is granted thirty days from the date of this order in which to file an amended complaint; the amended complaint must cure the defects noted in this order and comply with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint;" plaintiff must use the form complaint provided by the court and answer each question.

4. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

/////

5. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: March 28, 2012.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
smit3209.lta